## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 4331 | DATE | 11/3/2004 |
| CASE TITLE | Mays vs. City of Chgo et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 1/18/2005 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant City of Chicago's motion (Doc 6-1) to dismiss is granted. The motion to dismiss (Doc 12-1) the Des Plaines officers is granted in part and denied in part. Mays' claims against the City of Chicago are dismissed without prejudice. Mays is given leave to file an amended complaint that cures the identified deficiencies by December 14, 2004. If he does not do so by that date, the dismissal will become with prejudice. The motion to dismiss by the Des Plaines officers is denied with respect to the portions of the complaint premised on a violation of the Fourth Amendment and granted with respect to the remainder.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 0 9 2004 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| ✓ | Docketing to mail notices. | | JXM docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 9 2004

MAURICE MAYS, )
)
Plaintiff, )
)
vs. ) 04 C 4331
)
CITY OF CHICAGO, ILLINOIS; DES PLAINES )
POLICE OFFICERS MICHAEL MEYER (Star #403), )
B. RUZICKA (Star #425), HARRISON (Star )
#unknown); SERGEANT PRIM (Star #742), )
DETECTIVE C. MIERZWA (Star #742); DETECTIVE )
G. FORTIER (Star #268), all sued in their personal )
capacities; and CHICAGO POLICE OFFICERS JOHN )
DOES, all sued in their personal capacities, )
)
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on two motions to dismiss for failure to state a claim upon which relief can be granted: one by Defendants Michael Meyer, Benjamin Ruzicka, Christopher Harrison, William Prim, Christopher Mierzwa, and George Fortier (collectively referred to herein as "the Des Plaines officers"), and one by Defendant City of Chicago. For the reasons discussed below, the motion of the

City of Chicago is granted. The motion of the Des Plaines officers is granted in part and denied in part.

## BACKGROUND

The factual allegations made in the complaint were fully related in a prior opinion, so we only summarize them here. Mays v. City of Des Plaines, 04 C 4331 (N.D. Ill. Oct. 14, 2004). On April 24, 2003, Plaintiff Maurice Mays was arrested in a Chicago apartment in connection with a burglary earlier that day in Des Plaines. According to the complaint, the officers entering the apartment had neither a search warrant nor an arrest warrant. After he was transported to a Des Plaines police station, Mays was charged with burglary and possession of a stolen vehicle. After Mays spent several months in custody awaiting trial, the state obtained a *nolle prosequi* dismissal of the case and he was released.

In June 2004, Mays sued the City of Des Plaines, the City of Chicago, and several named and unnamed police officers from both cities who were allegedly involved in Mays' arrest. The complaint claims that the Defendants' actions violated Mays' Fourth, Fifth, Sixth, and Fourteenth Amendment rights. It specifically claims damage to or wrongful seizure of his personal property. The City of Des Plaines moved to dismiss the complaint as to it; the motion was granted in the above-referenced opinion. The City of Chicago now moves for dismissal on the same

grounds relied upon by Des Plaines, as well as two additional arguments. For their part, the Des Plaines officers also move for dismissal, adopting the additional arguments of Chicago and adding another of their own. Both of the motions under consideration are premised on Fed. R. Civ. Proc. 12(b)(6) and assert that Mays has failed to state a claim upon which relief can be granted.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts that set forth the essential elements of the cause of action. Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir. 1996). In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). With these principles in mind, we examine the motions at hand.

## DISCUSSION

### 1. Chicago's Motion

Chicago makes three arguments in support of its motion to dismiss. First, the motion contends that the complaint does not state any basis for imposing liability upon the city other than its status as the employer of the unnamed Chicago police officers. Second, the motion argues that Mays cannot pursue a claim for deprivation of property when he has state law means of addressing the same injury. Third, it claims that Mays cannot pursue a civil damages remedy for a Fifth Amendment violation.

As we noted in our opinion on the motion to dismiss of Des Plaines, a municipality cannot be held liable under 42 U.S.C. § 1983 solely on a *respondeat superior* theory. See, e.g., Monell v. Department of Soc. Serv., 436 U.S. 658, 690, 98 S. Ct. 2018, 2035 (1978); Strauss v. City of Chicago, 760 F.2d 765, 768 (7th Cir. 1985). The allegations Mays has made with respect to Chicago are identical to those he made toward Des Plaines. In short, the complaint does not allege the existence of a municipal policy or custom or a decision by an official with policy-making authority. Consequently, the complaint against Chicago cannot stand, for the same reasons that we noted in our earlier decision. In light of this conclusion, we need not consider two additional arguments presented within the motion with respect to this Defendant. Chicago's motion is granted.

## 2. Des Plaines Officers' Motion

We next turn our attention to the motion of the Des Plaines officers, which seeks complete dismissal of those Defendants from the suit. Because the motion does not request dismissal of only particular aspects of the complaint, we consider each of the potential bases for § 1983 claims found within the complaint. Mays specifically invokes the protections of the Fourth, Fifth, Sixth, and Fourteenth Amendments.

The officers' motion, though requesting their complete dismissal, neglects to argue the viability of a Fourth Amendment claim. Distilled to its essence and read in a light most favorable to Mays, the complaint asserts that the Des Plaines officers at the scene of the burglary relied on untrustworthy information to lead them to Mays' location. Once there, they entered the premises without an arrest or search warrant. In the process of performing a warrantless search, the officers damaged or destroyed Mays' personal property, thereby seizing it within the meaning of the Fourth Amendment. See U.S. v. Jacobsen, 466 U.S. 109, 113, 104 S. Ct. 1652, 1656 (1984) (defining a "seizure" as a "meaningful interference with an individual's possessory interests in [] property"). This information is sufficient to state a claim for relief under § 1983.[1]

---

[1] This cause of action is not subject to the rules of Parratt v. Taylor and Hudson v. Palmer, which are discussed below. See McCullah v. Gadert, 344 F.3d 655, 660
(continued...)

Mays' response to the officers' motion primarily asserts that he has stated a violation of his right to procedural due process[2] through the officers' alleged damaging of his personal property during the course of his arrest. According to Mays, this deprived him of that property without due process of law. Through their adoption of Chicago's arguments, the Des Plaines officers counter this contention with the blanket statement that deprivation of property can never underlie a cognizable § 1983 claim because a plaintiff can file an action under state law to achieve redress of the deprivation. In support of this sweeping assertion, they point to two Supreme Court cases: Hudson v. Palmer, 468 U.S. 517 (1984) and Parratt v. Taylor, 451 U.S. 527 (1981). The officers' argument ignores the fact that the broad approach they advocate was specifically rejected by the Seventh Circuit in McCullah v. Gadert, 344 F.3d 655, 660 (7th Cir. 2003). McCullah specifies that the rule of Parratt and Hudson does not apply outside the realm of procedural due process claims. Those cases rested on the

---

[1] (...continued)
(7th Cir. 2003).

[2] To the extent that Mays attempts to couch his allegations in substantive due process terms, his efforts are for naught. The specific facts within the complaint sound in "rights rooted in an explicit textual command of the Constitution rather than more generalized notions of substantive due process." McCullah, 344 F.3d at 658; see also Graham v. Connor, 490 U.S. 386, 394, 109 S. Ct. 1865, 1871 (1989). As Mays' allegations directly implicate the proscriptions contained in the Fourth Amendment, a substantive due process claim is unavailable to him.

premise that an available state cause of action assures that only lawful deprivations of property by state officials would be allowed, thus supplying the requisite due process. However, the officers are correct that Parratt and Hudson defeat Mays' complaint to the extent that it alleges a procedural due process claim under § 1983.

Mays also invokes the Fifth Amendment as a basis for his § 1983 claim. It appears from his briefs that he seeks to rely on the due process clause of the amendment, but because this case does not involve federal officials, Fifth Amendment procedural due process protections are not triggered. See Massey v. Wheeler, 221 F.3d 1030, 1036 n.1 (7th Cir. 2000). The only other portion of the amendment potentially implicated by the complaint's contentions is the protection against self-incrimination. However, § 1983 does not provide an avenue for relief for violations of that right. See Thornton v. Buchmann, 392 F.2d 870, 874 (7th Cir. 1968). In addition, the complaint does not claim that Mays was compelled to testify against himself, so there is no underlying violation on which to premise liability even if it were theoretically available.

Finally, the complaint contains no allegations that could be construed to comprise a violation of Mays' Sixth Amendment rights. There is no indication that Mays was not informed of the nature and cause of the charges against him. None of the Des Plaines officers was in a position to affect Mays' rights to a speedy trial, and

the complaint contains no sign that any of the officers prevented Mays from exercising his right to counsel.

While naturally we express no opinion on Mays' ability to prove a compensable Fourth Amendment violation, his claims against the Des Plaines officers on that basis are legally cognizable. With respect to that portion of the complaint, the motion to dismiss is denied. It is granted with respect to the remaining claims.

## CONCLUSION

Based on the foregoing analysis, Mays' claims against the City of Chicago are dismissed without prejudice. Mays is given leave to file an amended complaint that cures the identified deficiencies by Tuesday, December 14, 2004. If he does not do so by that date, the dismissal will become with prejudice. The motion to dismiss by the Des Plaines officers is denied with respect to the portions of the complaint premised on a violation of the Fourth Amendment and granted with respect to the remainder.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: NOV - 3 2004